IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:06-CR-0138** |
| : | |
| v. : | (Judge Conner) |
| : | |
| **ROBERT RAYMOND HOWARD, SR.,** : | |

## ORDER

AND NOW, this 29th day of June, 2007, upon consideration of defendant's motion (Doc. 47) to dismiss Counts V and VI of the superseding indictment,[1] arguing that the felon-in-possession statute, 18 U.S.C. § 922(g) is unconstitutional in the context of a prosecution for wholly local firearms possession, and it appearing that the U.S. Court of Appeals for the Third Circuit held that the statute at issue was constitutional, see United States v. Singletary, 268 F.3d 196 (3d Cir. 2001); see also United States v. Cannon, 220 F. App'x 104 (3d Cir. 2007); United States v. Leuschen, 395 F.3d 155, 161 (3d Cir. 2005), it is hereby ORDERED that the motion (Doc. 47) to dismiss Counts V and VI of the superseding indictment is DENIED.[2]

                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge

---

[1] Counts V and VI of the superseding indictment charge defendant with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

[2] This ruling does not relieve the government's burden to prove beyond a reasonable doubt that the possession of the firearms "was in or affecting interstate or foreign commerce." KEVIN F. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 39.09 (5th ed. 2006); see also id. § 39.14 ("The government may meet its burden of proof on the question of being "in or affecting commerce" . . . by proving to you, beyond a reasonable doubt, that the firearm identified in the indictment, at any time, had traveled across a state boundary line.").