## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0138** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **ROBERT RAYMOND HOWARD, SR.,** | : | |

## <u>ORDER</u>

AND NOW, this 15th day of January, 2008, upon consideration of defendant's

motion (Doc. 89) to vacate the sentence imposed by this court on December 14,

2007, <u>see</u> 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [federal]

court . . . claiming the right to be released upon the ground that the sentence was

imposed in violation of the Constitution or laws of the United States . . . may move

the court which imposed the sentence to vacate, set aside or correct the sentence."),

and defendant's motions for an evidentiary hearing (Doc. 91) and for appointment

of counsel for his § 2255 motion (Doc. 90), and it appearing that the above-captioned

action is currently on direct appeal to the United States Court of Appeals for the

Third Circuit,[1] <u>see</u> <u>Kapral v. United States</u>, 166 F.3d 565, 570 (3d Cir. 1999) ("[A]

collateral attack [under § 2255] is generally inappropriate if the possibility of further

direct review remains open:  A district court should not entertain a habeas corpus

petition while there is an appeal pending in [the court of appeals] or in the Supreme

Court."); <u>see also</u> <u>United States v. Ford</u>, 215 F. App'x 167, 168 (3d Cir. 2007)

(affirming the district court's dismissal of a § 2255 motion as premature while the

---

[1] Defendant filed a notice of appeal on December 27, 2007.  (<u>See</u> Doc. 87.)

defendant's direct appeal was pending); <u>Kline v. United States</u>, No. 04CR269, 2006

WL 680842 (M.D. Pa. Mar. 14, 2006), and the court finding that no "extraordinary

circumstances" warrant consideration of the instant motion while defendant's

direct appeal is pending, <u>see</u> <u>id.</u> ("While a direct appeal is pending, a District Court

may consider a § 2255 motion only in 'extraordinary circumstances.'"), it is hereby

ORDERED that:

1.  The motion to vacate (Doc. 89) is DISMISSED as premature without
    prejudice to defendant's right to file a timely[2] § 2255 motion after his
    conviction has become final following appeal.  If defendant is
    unsuccessful on direct appeal and then files a new, timely § 2255
    motion, that motion will *not* be considered a second or successive
    § 2255 motion.

2.  The motions (Docs. 90, 91) for appointment of counsel for his § 2255
    motion and for an evidentiary hearing are DENIED as moot.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] <u>See</u> 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion
under this section."); <u>United States v. Davies</u>, 394 F.3d 182, 186 n.2 (3d Cir. 2005)
(stating that, where the defendant has taken a direct appeal, the § 2255 limitations
period begins to run "on the later of (1) the date on which the Supreme Court
affirms the conviction and sentence on the merits or denies the defendant's timely
filed petition for certiorari, or (2) the date on which the defendant's time for filing a
timely petition for certiorari review expires" (citing <u>Kapral v. United States</u>, 166
F.3d 565, 577 (3d Cir. 1999)))