# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:06-CR-0138** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **ROBERT RAYMOND HOWARD, SR.** | : | |

## **ORDER**

AND NOW, this 2nd day of November, 2010, upon consideration of *pro se* defendant's motion (Doc. 105), entitled "Motion for Equitable Tolling," wherein defendant Robert Raymond Howard, Sr., ("Howard") seeks the court's leave to file a motion under 28 U.S.C. § 2255 beyond the prescribed limitations period for such motions, see 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section."),[1] and it appearing that Howard avers that he was never notified that his direct appeal of his sentence was dismissed, and that Howard

---

[1] Where the defendant has taken a direct appeal, the § 2255 limitations period begins to run "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (quoting Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)). Howard did not petition the Supreme Court for certiorari, and thus, his limitations period began to run on the date on which his time to do so expired, which was 90 days after the Court of Appeals entered judgment affirming Howard's conviction. See SUP. CT. R. 13 ("[A] petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"). In the instant case, the Court of Appeals entered judgment on March 26, 2009, (see Doc. 103), and the one-year limitations period began to run 90 days thereafter. Therefore, it appears that by August 11, 2010, the date on which the pending motion was filed, a § 2255 petition would have been time-barred.

argues that "[i]t would be unfair to this petitioner to deny equitable tolling based on his attorney not notifying him as to the outcome of his appeal[,]" (Doc. 105 at 3), and the court finding that the limitations period that applies to § 2255 may be tolled for equitable reasons, see Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 619 n.1 (3d Cir. 1998) ("[T]he one year period of limitation for § 2255 cases is also subject to equitable tolling."), but that Howard has failed to demonstrate that equitable tolling is warranted under the circumstances of the instant case,[2] it is hereby ORDERED that the motion (Doc. 105) is DENIED.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[2] Howard's allegations are plainly insufficient to justify equitable tolling. The Supreme Court held in Pace v. DiGuglielmo, 544 U.S. 408 (2005), that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 544 U.S. at 418. With respect to the second part of his burden, Howard has merely alleged one circumstance that stood in his way: he received no notice, from his attorney or otherwise, that his appeal was dismissed. This is not an extraordinary sort of circumstance which calls for equitable tolling. See Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004) ("Generally, in a non-capital case . . . , attorney error is not a sufficient basis for equitable tolling[.]"); see also United States v. Bass, 268 F. App'x 196, 199 (3d Cir. 2008) ("[I]n non-capital cases, attorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling of a § 2255 motion." (citing Schlueter, 384 F.3d at 76)). Furthermore, Howard has not satisfied the first part of his burden, because he has failed to provide the court with any basis to conclude that he diligently pursued his rights. Therefore, the application of equitable tolling is not warranted, and Howard's motion will be denied.